# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY G. HESTON (owner, Vessel "Glori B"),<br><br>                Plaintiff,<br>  v.<br>GB CAPITAL HOLDINGS, LLC,<br><br>                Defendant. | CASE NO. 16cv912-WQH-RBB<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion to compel arbitration and stay action (ECF No. 6) filed by Defendant GB Capital Holdings, LLC.

## I. Background

    On April 15, 2016, Plaintiff Jeffrey G. Heston initiated this action by filing a Complaint pursuant to the Court's admiralty and maritime jurisdiction to recover possession of Plaintiff's vessel. (ECF No. 1). The Complaint alleges that Defendant unlawfully took Plaintiff's vessel from its mooring, continued to exercise control over the vessel, and prevented Plaintiff from taking possession of the vessel. On June 3, 2016, Defendant filed an answer. (ECF No. 4).

    On July 1, 2016, Defendant filed the motion to compel arbitration. (ECF No. 6). The docket shows that no response to the motion to compel arbitration has been filed.

## II. Discussion

    The Federal Arbitration Act ("FAA") "was enacted . . . in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563

1  U.S. 333, 339 (2011) (citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). Section 2 of the FAA provides, "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA "reflect[s] both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 563 U.S. at 339 (internal citations and quotation marks omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* (internal citation omitted).

"The basic role for courts under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (internal quotation marks omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Pursuant to section 4 of the FAA, a party may move for a district court order compelling arbitration:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

Defendant asserts that GB Capital Holdings, LLC provides administrative

support for San Diego Mooring Co. ("SDMC"), which operates and maintains vessel moorings at various locations within San Diego Bay. Defendant asserts that Plaintiff entered into a contract for private wharfage with SDMC, pursuant to which mooring services were provided for the benefit of Plaintiff's vessel. Defendant asserts that it is an agent for SDMC with respect to matters involving the enforcement of wharfage contract terms. Defendant asserts that the contract includes a valid arbitration clause that governs any dispute between Plaintiff and Defendant arising out of the contract.

The "Maritime Contract for Private Moorage" (the "Contract") attached to the motion to compel arbitration as Exhibit A appears to be signed by Plaintiff and an authorized representative of San Diego Mooring Company. (ECF No. 6-4 at 29-30). The Contract states in relevant part,

> In the event a claim arises under or pertaining in any way to this Agreement that is not resolved by negotiation, the parties agree they shall first submit such dispute for nonbinding mediation, to occur in San Diego, prior to commencing litigation. . . . The intention of this Paragraph is to require mediation only of claims the Owner(s) might have against SDMC, or claims SDMC might have against the Owner(s), and not claims SDMC might have against the Vessel. If mediation is unsuccessful, the parties shall submit the dispute(s) heard in mediation for decision by way of binding arbitration with the person who served as Mediator serving as the Arbitrator. In such Arbitration, the Arbitrator shall determine a "prevailing party," who shall be entitled to recover reasonable attorney's fees and costs.

*Id.* at 20. The arbitration agreement goes on to detail the mechanics of arbitration agreed to by the parties. *Id.* at 20-21.

The arbitration clause in the contract is written broadly to encompass any claims pertaining to the Contract. Defendant contends that the conduct giving rise to this dispute—Defendant's removal of Plaintiff's vessel from its mooring in the marina—was lawful under the terms of the Contract based on Plaintiff's refusal to comply with a contractual requirement that he submit his vessel for an annual inspection by the United States Coast Guard Auxiliary. Defendants contend that the Contract expressly permitted Defendant to remove the vessel from its mooring to another location. The Court concludes that based on the Contract and the representations made by Defendant, a valid arbitration agreement exists and

encompasses the dispute at issue. *See Kilgore*, 718 F.3d at 1058. Plaintiff has not filed an opposition to the motion to compel arbitration and therefore has not met his burden to show that the claims are unsuitable for arbitration.[1] *See Green Tree Fin. Corp.*, 531 U.S. at 91-92. The Court concludes that the arbitration agreement should be enforced in accordance with its terms. *See Chiron Corp.*, 207 F.3d at 1130.

The Court concludes that there is no legal authority for an order to compel non-binding mediation. *See Trujillo v. Gomez*, Case No. 14cv2483 BTM (BGS), 2015 WL 1757870, at * 9 (S.D. Cal. Apr. 17, 2015) (finding that FAA remedies are not available for non-binding mediation and that the California Code of Civil Procedure lacks a provision for motions to compel mediation).

When granting a motion to compel arbitration, a court may dismiss, rather than stay, the court action when all of the claims will be resolved in the arbitration. *See Trujillo*, 2015 WL 1757870 at *9 (dismissing action because all of Plaintiff's claims in the case were subject to arbitration); *Alvarado v. Pacific Motor Trucking Co.*, 2014 WL 3888184 (C.D. Cal. Aug. 7, 2014) (dismissing action under Fed. R. Civ. P. 12(b)(1) because the entire dispute was subject to arbitration). The Court dismisses the action

---

[1] A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).
   The docket reflects that Plaintiff has failed to file an opposition as required by Civil Local Rule 7.1.e.2. Defendant obtained a hearing date of August 8, 2016 for the pending motion to compel. *See* ECF No. 6. Pursuant to the local rules, Plaintiff was to file any response to the motion to compel no later than July 25, 2016, fourteen days prior to the hearing date. The docket reflects that Plaintiff has failed to file a response. The Court construes Plaintiff's failure to oppose the motion to compel as "a consent to the granting of" the motion. S.D. Cal. Civ. Local Rule 7.1(f)(3)(c).

because all of Plaintiff's claims are subject to arbitration.

### III. Conclusion

IT IS HEREBY ORDERED that Defendant's motion to compel arbitration (ECF No. 6) is granted in part and denied in part. Pursuant to 9 U.S.C. section 4, the parties are directed to proceed to arbitration in accordance with the terms of the arbitration agreement in the Maritime Contract for Private Moorage. This action is dismissed.

DATED: August 23, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge