# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY G. HESTON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>GB CAPITAL HOLDINGS, LLC.,<br><br>　　　　　　　　Defendant. | CASE NO. 16cv912-WQH-AGS<br><br>ORDER |

HAYES, Judge:

The matter before the court is the motion for relief from order filed by Plaintiff Jeffrey G. Heston. (ECF No. 9).

**I. Background**

On April 15, 2016, Plaintiff Jeffrey G. Heston initiated this action by filing a Complaint pursuant to the Court's admiralty and maritime jurisdiction to recover possession of Plaintiff's vessel. (ECF No. 1). The Complaint alleges that Defendant GB Capital Holdings, LLC unlawfully took Plaintiff's vessel from its mooring, continued to exercise control over the vessel, and prevented Plaintiff from taking possession of the vessel. On June 3, 2016, Defendant filed an answer. (ECF No. 4).

On July 1, 2016, Defendant filed the motion to compel arbitration. (ECF No. 6). Plaintiff did not file a response to the motion to compel arbitration.

On August 23, 2016, the Court granted in part and denied in part Defendant's motion to compel arbitration. (ECF No. 7). The Court applied the Maritime Contract for Private Moorage ("the Contract") between Plaintiff and San Diego Mooring

Company ("SDMC")[1] containing provisions for arbitration and mediation. The Court concluded that "based on the Contract and the representations made by Defendant, a valid arbitration agreement exists and encompasses the dispute at issue." *Id.* at 3-4. The Court also noted that Plaintiff had not filed an opposition and "therefore ha[d] not met his burden to show that the claims [were] unsuitable for arbitration." *Id.* at 4. The Court denied the portion of Defendant's motion requesting that the Court compel mediation because the Court concluded that there was no legal authority for a motion to compel non-binding mediation. *Id.* The Court ordered that the parties were "directed to proceed to arbitration in accordance with the terms of the arbitration agreement in the Maritime Contract for Private Moorage." *Id.* at 5.

On September 13, 2016, Plaintiff filed a motion for relief from the Court's Order from August 23, 2016 (ECF No. 7) pursuant to Federal Rule of Civil Procedure 60(b)(1)-(3). (ECF No. 9). On October 1, 2016, Defendant filed a response in opposition. (ECF No. 10). The docket reflects that Plaintiff has not filed a reply.

**II. Legal Standard**

Federal Rule of Civil Procedure 60(b) provides,

> On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . .

Fed. R. Civ. Proc. 60(b)(1)-(3). Motions brought under Rule 60(b)(1)-(3) must be made within a reasonable time and "no more than a year after the entry of the . . . order." Fed. R. Civ. Proc. 60(c). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).

---

[1] The previous Order from this Court states, "Defendant asserts that GB Capital Holdings, LLC provides administrative support for San Diego Mooring Co., which operates and maintains vessel moorings at various locations within San Diego Bay. . . . Defendant asserts that it is an agent for SDMC with respect to matters involving the enforcement of wharfage contract terms." (ECF No. 7 at 2-3).

Rule 60(b)(1) is "not intended to remedy the effect of a litigation decision that a party comes later to regret." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). "For the purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel . . . includ[ing] not only an innocent, albeit careless or negligent attorney mistake, but also intentional attorney misconduct." *Id.*

Under Rule 60(b)(2), relief "on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

"Under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1338 (9th Cir. 1986). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (quotations omitted).

**III. Discussion**

Plaintiff contends that the Court erred in compelling arbitration and is entitled to relief pursuant to Rule 60(b). (ECF No. 9-1 at 3). Defendant contends that the Court was within its discretion to regard Defendant's motion to stay action and compel arbitration as unopposed pursuant to Local Rule 7.1(f)(3)(c). (ECF No. 10 at 3).

Plaintiff did not file any opposition to the Defendant's motion to compel. A district court may properly grant an unopposed motion pursuant to a local rule where

the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court reviewed the merits of Defendant's arguments and the language of the contract between the parties and determined that a valid arbitration provision existed. (ECF No. 7).

Plaintiff now contends the language in the Contract exempts certain matters from mediation and arbitration. (ECF No. 9-1 at 3). Defendant contends the Contract makes clear that "all claims by the parties, except for claims Defendant has against Plaintiff's vessel, must be resolved by way of mediation/arbitration." (ECF No. 10 at 5-6).

The Contract states,

> In the event a claim arises under or pertaining in any way to this Agreement that is not resolved by negotiation, the parties agree they shall first submit such dispute for non-binding mediation, to occur in San Diego, prior to commencing litigation. . . . If such Mediator does not exist or is unavailable within 45 days of being requested to serve, the parties shall select a mutually acceptable individual who has prior experience serving as a mediator or arbitrator. ***The obligation to mediate does not apply to any claims SDMC has against the vessel (as contrasted with her owner) for her debts or torts.*** Nothing in this Agreement shall be construed to limit in any way SDMC's right to seek recovery directly against the vessel in an in rem action in a U.S. District Court for liens based on the debts an/or torts of the Vessel; unless SDMC agrees to do so in writing, such claims against the Vessel are not restricted by or subject to the mediation provision herein. The intention of this Paragraph is to require mediation only of claims the Owner(s) might have against SDMC, or claims SDMC might have against the Owners(s), and not claims SDMC might have against the Vessel. If mediation is unsuccessful, the parties shall submit the dispute(s) heard in mediation for decision by way of binding arbitration, with the person who served as Mediator serving as the Arbitrator.

(ECF No. 6-4 at 20). Plaintiff initiated this action against Defendant. The Contract provides for mediation and arbitration of claims an owner, such as Plaintiff, may have against SDMC and claims SDMC may have against the owner. The contractual exemption for a claim SDMC has against a vessel has no application to this matter.

Plaintiff contends that newly discovered evidence provides grounds for relief under Rule 60(b)(2). Plaintiff contends that on July 28, 2016, Plaintiff obtained a copy of the lease agreement between the San Diego Unified Port District (the "Port District") and SDMC and amendments to the lease (the "Lease Agreement") by which the Port District "conveys the operations of the mooring buoy anchorages to the SDMC . . . and

enunciates the rights and legal obligations of the SDMC." (ECF No. 9-1 at 6). Plaintiff contends that pursuant to the Lease Agreement, SDMC must obtain the Port District's approval of any revisions to the language of contracts between SDMC and vessel owners, such as Plaintiff. Plaintiff contends that the SDMC has modified the standard language of the Contract without approval from the Port District by including the provisions for the arbitration and mediation of disputes. *Id.*

Defendant contends that Plaintiff's "newly discovered" lease agreement between the Defendant and the Port District does not provide grounds for relief from the order because Plaintiff is not a party to the Lease Agreement and lacks standing to challenge Defendant's compliance. (ECF No. 10 at 7). Defendant contends that the Contract between Plaintiff and the Defendant is not void or voidable due to any non-compliance by Defendant with the Lease Agreement with the Port District.[2] *Id.*

The Court concludes that Plaintiff is not entitled to relief pursuant to Rule 60(b)(2) on the basis of newly discovered evidence, the Lease Agreement. Plaintiff does not provide any legal authority to demonstrate that SDMC's alleged violation of the Lease Agreement with the Port District would void his Contract with SDMC or that he has standing to challenge SDMC's compliance with the Lease Agreement.[3] Plaintiff fails to show that this newly discovered evidence "was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty*, 331 F.3d at 1093.

Plaintiff further contends that Defendant's actions regarding the newly discovered Lease Agreement constitutes fraud because Defendant failed to offer evidence of the Port District's approval of this language. (ECF No. 9-1 at 6). Plaintiff contends that this

---

[2] Defendant also contends that Plaintiff is required to participate in arbitration by the terms of a different contract signed in 2005. (ECF No. 10 at 7). Defendant includes a copy of this contract with its response to Plaintiff's motion. (Exhibit B, ECF No. 10-3). The Court does not consider this in its ruling.

[3] Plaintiff asserts that the Lease Agreement was discovered on July 28, 2016. (ECF No. 9-1). The Court did not issue its Order compelling arbitration and dismissing the case until August 23, 2016. (ECF No. 7).

entitles him to relief under Rule 60(b)(3). *Id.* Defendant contends that Plaintiff has no rights under the Lease Agreement and has no standing to challenge the Defendant's compliance with its terms. (ECF No. 10 at 6). Defendant contends that it has now submitted the Contract for approval and "no reason exists to expect the Port District will not approve it." *Id.* at 9.

Plaintiff does not demonstrate that Defendant's alleged violation of the contractual terms of the Lease Agreement with the Port District could constitute fraud justifying relief under Rule 60(b)(3). The Court concludes that Plaintiff fails to establish by clear and convincing evidence that Defendant obtained a judgment by means of fraud and this "conduct complained of prevented the [Plaintiff] from fully and fairly presenting the case." *See Lafarge Conseils Et Etudes, S.A.*, F.2d at 1337-38.

The Court concludes that Plaintiff has failed to carry his burden to demonstrate that he is entitled to relief under Rule 60(b)(1)-(3).

**IV. Conclusion**

IT IS HEREBY ORDERED that the motion for relief filed by Plaintiff is DENIED. (ECF No. 9).

DATED: December 15, 2016

**WILLIAM Q. HAYES**
United States District Judge