1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| JEFFREY G. HESTON, | CASE NO. 16cv912-WQH-AGS |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GB CAPITAL HOLDINGS, LLC., | |
| Defendant. | |

14 HAYES, Judge:

15      The matters before the court are the motions for relief from order filed by

16 Plaintiff Jeffrey G. Heston. (ECF No. 14 and 16).

17 **I. Background**

18      On April 15, 2016, Plaintiff Jeffrey G. Heston initiated this action by filing a

19 Complaint pursuant to the Court's admiralty and maritime jurisdiction to recover

20 possession of Plaintiff's vessel. (ECF No. 1).  The Complaint alleges that Defendant

21 GB Capital Holdings, LLC unlawfully took Plaintiff's vessel from its mooring,

22 continued to exercise control over the vessel, and prevented Plaintiff from taking

23 possession of the vessel.  On June 3, 2016, Defendant filed an answer.  (ECF No. 4).

24      On July 1, 2016, Defendant filed the motion to compel arbitration.  (ECF No. 6).

25 Plaintiff did not file a response to the motion to compel arbitration.

26      On August 23, 2016, the Court granted in part and denied in part Defendant's

27 motion to compel arbitration.  (ECF No. 7). The Court applied the Maritime Contract

28 for Private Moorage ("the Contract") between Plaintiff and San Diego Mooring

Company ("SDMC") containing provisions for arbitration and mediation. The Court concluded that "based on the Contract and the representations made by Defendant, a valid arbitration agreement exists and encompasses the dispute at issue." *Id.* at 3-4. The Court also noted that Plaintiff had not filed an opposition and "therefore ha[d] not met his burden to show that the claims [were] unsuitable for arbitration." *Id.* at 4. The Court denied the portion of Defendant's motion requesting that the Court compel mediation because the Court concluded that there was no legal authority for a motion to compel non-binding mediation. *Id.* The Court ordered that the parties were "directed to proceed to arbitration in accordance with the terms of the arbitration agreement in the Maritime Contract for Private Moorage." *Id.* at 5.

Plaintiff filed a motion for relief from the Court's Order from August 23, 2016 (ECF No. 7) pursuant to Federal Rule of Civil Procedure 60(b)(1)-(3). (ECF No. 9). On December 15, 2016, this Court denied Plaintiff's motion for relief from judgment. (ECF No. 12). The Court concluded as follows:

> The Court concludes that Plaintiff is not entitled to relief pursuant to Rule 60(b)(2) on the basis of newly discovered evidence, the Lease Agreement. Plaintiff does not provide any legal authority to demonstrate that SDMC's alleged violation of the Lease Agreement with the Port District would void his Contract with SDMC or that he has standing to challenge SDMC's compliance with the Lease Agreement. Plaintiff fails to show that this newly discovered evidence "was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty*, 331 F.3d at 1093.
>
> Plaintiff further contends that Defendant's actions regarding the newly discovered Lease Agreement constitutes fraud because Defendant failed to offer evidence of the Port District's approval of this language. (ECF No. 9-1 at 6). Plaintiff contends that this entitles him to relief under Rule 60(b)(3). *Id.* Defendant contends that Plaintiff has no rights under the Lease Agreement and has no standing to challenge the Defendant's compliance with its terms. (ECF No. 10 at 6). Defendant contends that it has now submitted the Contract for approval and "no reason exists to expect the Port District will not approve it." *Id.* at 9.
>
> Plaintiff does not demonstrate that Defendant's alleged violation of the contractual terms of the Lease Agreement with the Port District could constitute fraud justifying relief under Rule 60(b)(3). The Court concludes that Plaintiff fails to establish by clear and convincing evidence that Defendant obtained a judgment by means of fraud and this "conduct complained of prevented the [Plaintiff] from fully and fairly presenting the case." *See Lafarge Conseils Et Etudes, S.A.,* F.2d at 1337-38.

- 2 -

> The Court concludes that Plaintiff has failed to carry his burden to demonstrate that he is entitled to relief under Rule 60(b)(1)-(3).

(ECF No. 12 at 5-6).

Plaintiff moves the Court for relief from the December 15, 2016 order on the grounds that the "Maritime Contract for Private Wharfage" is not cognizable in admiralty, the Federal Arbitration Act does not apply, and Plaintiff has the right to a trial over the validity of the Contract. Defendant opposes relief from the December 15, 2016 order. Defendant asserts that the Contract is obviously a maritime contract, that the Court properly applied the Federal Arbitration Act, and that Plaintiff is not entitled to a trial on his claim that the contractual provision requiring arbitration is not enforceable. Defendant requests sanctions under the Court's inherent authority based upon Plaintiff's bad faith and willful disobedience of the court order.

**III. Ruling of the Court**

Federal Rule of Civil Procedure 60(b) provides,

> On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . .(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . .

Fed. R. Civ. Proc. 60(b)(1)-(3).

In this case, the Court has fully considered and resolved all legal issues relevant to the August 23, 2016 order (ECF No. 7) and the December 15, 2016 order (ECF No. 12). The Court finds that a valid arbitration exists and encompasses the dispute at issue. The Court concludes that order compelling arbitration is authorized under the Federal Arbitration Act, and that Plaintiff is not entitled to a trial on his claim that the contractual provision requiring arbitration is not enforceable. There are no grounds for relief from the August 23, 2016 order (ECF No. 7) or the December 15, 2016 order (ECF No. 12).

Defendant's request to award sanctions under its inherent authority is denied at this stage in the proceedings without prejudice.

1        IT IS HEREBY ORDERED that the motions for relief filed by Plaintiff are

2  DENIED.  (ECF No. 14 and 16).

3

DATED:  January 5, 2018

4

5                            **WILLIAM Q. HAYES**
                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16cv912-WQH-AGS